UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CRUNCHY TOBACCO, INC.<br>            *Plaintiff,*<br><br>       v.<br><br>GLOBAL WHOLESALE DISTRIBUTORS, LLC,<br>            *Defendant.* | No. 1:23-cv-01027-MSN-WEF |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Objections (ECF 39) to the Magistrate Judge's Report and Recommendations (ECF 37) ("R&R") that this Court grant Plaintiff's Motion for Default Judgment (ECF 30). For the below reasons, the Court will adopt the R&R and overrule Plaintiff's objections.

**I.     BACKGROUND**

   **A.     Factual Background**

Plaintiff is a Virginia company that sells and advertises tobacco products under the name "Crunchy Tobacco." R&R at 5. Plaintiff owns and has registered a valid copyright in the logo displayed on its "Crunchy Funnel" tobacco product. *Id.* Defendant is a Virginia tobacco product distribution company that distributes products under the name "Crunchy Funnel" and "Crispy Funnel" with packaging and logos that are nearly identical to Plaintiff's. *Id.* at 5-6; *see also* ECF 30-3 (pictured below).



Plaintiff has not granted Defendant permission to use its copyrighted logo in the advertising or sale of its products. R&R at 6.

**B.     Procedural History**

Plaintiff filed this lawsuit on August 2, 2023, alleging that Defendants violated the Copyright Act, 17 U.S.C. § 101, *et seq.*, by marketing and selling products that infringed on Plaintiff's valid copyright. ECF 1 ("Compl."). Plaintiff initially sought compensatory damages, statutory damages, and attorneys' fees and costs, as well as injunctive relief prohibiting Defendant from selling infringing products. Compl. At 3-4. After Plaintiff served a copy of the Summons and Complaint on Defendant, Defendant failed to file an answer or otherwise respond. After Crunchy Tobacco filed a request for entry of default (ECF 9), the Clerk entered Default on November 6, 2023 (ECF 10).

Crunchy Tobacco filed a first Motion for Default Judgment on November 21, 2023 (ECF 11), but withdrew that Motion without prejudice (ECF 15; ECF 16) in order to seek damages

discovery. The Magistrate Judge granted Plaintiff's Motion for Discovery on December 29, 2023 (ECF 22), after which Plaintiff sought discovery from Defendant. After Defendant failed to respond to Plaintiff's discovery requests, Plaintiff filed a Motion to Compel and for Sanctions (ECF 23). On March 15, 2024, the Magistrate Judge denied Plaintiff's Motion to Compel and for Sanctions and ordered Plaintiff to file a second Motion for Default Judgment by April 19, 2024 (ECF 29). Plaintiff did not object to this Order.

On April 19, 2024, Plaintiff filed a Renewed Motion for Default Judgment (ECF 30). The Magistrate Judge held a hearing on May 10, 2024, and no one appeared on behalf of Defendant (ECF 35). In a notice filed on July 22, 2024, Plaintiff notified the Court that it was "unable to provide reliable estimates of Defendant Global's infringing sales" and requested that the Court "go ahead and . . . issue a Default Judgment enjoining Global from selling Crunchy Funnell and Crispy Funnell [sic]." ECF 36 at 1.

On September 23, 2023, the Magistrate Judge issued his R&R, recommending that the Court grant the Motion for Default Judgment. Based on the well-pleaded allegations in the Complaint, the Magistrate Judge determined that Plaintiff "has sufficiently pleaded ownership of a valid copyright of the graphic logo at issue in this case" and "that constituent elements of its original graphic logo used to advertise and sell its tobacco products were copied and used to advertise and sell competing tobacco products distributed by [Defendant]." R&R at 10. For these reasons, the Magistrate Judge found "that the Complaint properly states a claim under the Copyright Act and that Defendant Global Wholesale Distributors LLC infringed Plaintiff's exclusive rights to distribute its copyrighted logo." *Id.*

As for relief, the Magistrate Judge noted that Plaintiff had requested injunctive, statutory damages, attorneys' fees and costs, and an injunction prohibiting Defendant from selling the

3

ingraining products, but then narrowed its request to injunctive relief alone. R&R at 11. The Magistrate Judge found that injunctive relief was proper under the Copyright Act and recommended the Court grant an injunction prohibiting Defendant from "making, selling, advertising, marketing, or distributing the graphic logo, or any constituent elements of Plaintiff's original graphic logo, which is the subject of United States federal copyright registration (Reg. No. VA0002316533) and appears on Plaintiff's Crunchy Funnel packages." R&R at 14. As for Plaintiff's request for attorney's fees and costs, the Magistrate Judge found that "Plaintiff has failed to provide any evidence of counsel's hourly rate, the number of hours worked, the reasonableness of counsel's rate or the necessity of the work, or what costs were incurred," and therefore recommended "denying Plaintiff's request for an award of attorney's fees and costs." *Id.*

On October 7, 2024, Plaintiff timely filed an objection to the Magistrate Judge's R&R. ECF 39. Plaintiff raised three objections. First, it argues that the recommended injunction "fails to clearly address infringement by Defendant Global's 'Crispy Funnel' product and packaging" and thus did not "describe in reasonable detail" the acts enjoined or restrained as required by Fed. R. Civ. P. 65(a). ECF 39 at 1-2. Plaintiff argues that the injunction must "specifically address[] Defendant's Crispy Funnel product and packaging." *Id.* at 2. Plaintiff next objects to the Magistrate Judge's recommendation that the Court deny Plaintiff's request for attorneys fees, stating that in general "a fee petition typically is filed *after* the substantive decision to award attorney's fees has been made." *Id.* at 2-3. Third and finally, Plaintiff argues that it was "erroneous" for the Magistrate Judge to decline to compel discovery, and that "the Court should hold Global's noncompliance and recalcitrance against Global itself and award crunchy a large amount of statutory damages or presumed or actual compensatory damages." *Id.* at 3-4.

4

## II. LEGAL STANDARD

### A. Default Judgment and the Copyright Act

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The party seeking entry judgment must then "apply to the court for a default judgment." *Id.* 55(b)(2). A party in default "admits the plaintiff's well-pleaded allegations of facts, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted). Before entry of default, the Court must determine whether the "well-pleaded allegations in the [Plaintiff's] complaint support the relief sought in this action." *See id*. "This is so because default is a harsh measure because it ignores the merits, and the Fourth Circuit has a strong policy that cases be decided on the merits." *Gomez v. Midlo Floors LLC*, 2024 WL 556650, at *3 (E.D. Va. Feb. 12, 2024) (citations omitted) (cleaned up).

The Copyright Act provides that a court may grant injunctive relief to prevent the infringement of copyrights. *See* 17 U.S.C. § 502(a). Whether to grant an injunction is in the "equitable discretion" of the Court. *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007). Under Fed. R. Civ. P. 65(d)(1)(C), an order granting an injunction must "describe in reasonable detail . . . the act or acts restrained or required."

The Copyright Act also provides that a court may "in its discretion allow the recovery of full costs by or against any party" and "may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "[T]he decision whether to award [fees] is committed to the discretion of the trial court," and the "fee applicant bears the burden of establishing its entitlement to a fee award." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 152 F. Supp. 3d 503, 510 (E.D. Va. 2015) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436-437 (1983)).

    **B.**    **Review of a Report and Recommendation**

Once a Magistrate Judge has issued a report and recommendation, the responsibility for making a final determination remains with the District Court, which must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## III.    ANALYSIS

Plaintiff does not object to the Magistrate Judge's determination of liability in the R&R, and upon review it will adopt that finding. The Court has also considered Plaintiff's specific objections, and will overrule each of them for the reasons described below, thus adopting the remainder of the Magistrate Judge's R&R.

    **A.**    **The R&R's Recommended Injunction is Sufficient**

Plaintiff first argues that the recommended injunction is "not reasonably certain and definite in its terms," and that it "fail[s] to address and recommend enjoining the sale or distribution of Crispy Funnel." ECF 39 at 1-2. Plaintiff suggests that this claimed "failure" was an "oversight" by the Magistrate Judge. *Id.* at 2.

However, the objection does not explain why the recommended injunction does not enjoin the Defendant's distribution and sale of the "Crispy Funnel" products. The recommended injunction prohibits Defendant and its agents from "making, selling, advertising, marketing, or distributing the graphic logo, or any constituent elements of Plaintiff's original graphic logo, which is the subject of United States federal copyright registration (Reg. No. VA0002316533) and appears on Plaintiff's Crunchy Funnel packages as reflected in Exhibit A to the Complaint." R&R at 14. Exhibit A, which is reproduced below, shows the Crunchy Funnel packaging, which includes

6

a diamond inset in a black package with blue, sans serif font spelling out "Crunchy Funnel" over black font saying "100% Natural Tobacco." ECF 1-3.



Exhibit 30-3, reproduced above, shows the infringing "Crispy Funnel" product. This product copies several of the "constituent elements of Plaintiff's original graphic logo," including the diamond inset in black diamond, the blue sans serif font, the word "Funnel," and the "100% natural" text in black sans serif font.

Because the recommended injunction is sufficient to cover the "Crispy Funnel" product, the Court finds that it has described in reasonable detail the acts to be restrained, *see* Fed. R. Civ. P. 65(d)(1)(C), and will adopt the Magistrate Judge's recommendation.

### B.     Plaintiff Has not Demonstrated Its Entitlement to Statutory Damages

Plaintiff next objects to the Magistrate Judge's finding that it was not entitled to statutory damages on the ground that it waived its prior damages request in its July 22, 2024 Notice to the Court. ECF 39 at 2-3; *see* R&R at 11.

Without reaching the Magistrate Judge's grounds for recommending denial of Plaintiff's statutory damages request, the Court will overrule Plaintiff's objection for the independent reason that Plaintiff has not established an entitlement to statutory damages on the basis of willful copyright infringement. Plaintiff cites in its Motion to law from the Southern District of New York holding that copyright infringement is deemed willful by virtue of a defendant's default. ECF 31 ¶ 12. But when "assessing the appropriate damages for copyright infringement after a default judgment, courts within this district typically cite to evidence in a complaint to support a finding of willful copyright infringement." *Gomez*, 2024 WL 556650, at *8 (collecting cases); *see also id. at* *9 ("By their default, Defendants admit only [Plaintiff's] well-pleaded factual allegations—they do not admit conclusions of law, which include a determination of willfulness."

Here, there are no facts pled in Plaintiff's Complaint that demonstrate, for instance, that Defendant—who distributed, but did not produce the infringing products—"had, at very least, constructive knowledge of Plaintiff's copyright." *Spencer v. Yellowcabservices,com, LLC*, 2020 WL 13200117 (E.D. Va. Nov. 19, 2020). Plaintiff's Complaint simply articulates the legal conclusion that Defendant "willfully and intentionally infringed the Crunchy copyright by distributing, purchasing, selling and advertising" the infringing products. Compl. ¶ 8. Defendant is not, in default, "held to admit such conclusions of law." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. V. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)) (cleaned up). "Thus, for the Court to have a basis on which to find willfulness, [Plaintiff] bears the burden of providing . . . evidence of willfulness." *Gomez*, 2024 WL 556650, at *9.

Plaintiff has not otherwise provided such evidence. In its brief in support of its Motion Plaintiff simply recites the Complaint's conclusory allegations regarding willfulness. ECF 31 ¶¶ 12, 14-15. For these reasons, the finds that both as a matter of law and as an exercise of its discretion under 17 U.S.C. § 504(c)(2), Plaintiff's objection should be overruled and the Magistrate Judge's recommendation adopted.

### C.     Attorneys' Fees

Plaintiff also objects to the recommendation that the Court not enter an award of attorney's fees. Plaintiff notes its counsel typically files a fee petition "*after* the substantive decision to award attorney's fees has been made." ECF 39 at 4. But that is not the usual practice in this District. When attorneys' fees are granted on a motion for default judgment, it is because a party *has* provided argument and an affidavit supporting its calculation of fees and costs. *See, e.g.*, *Ward. v. Virginia Pool Servs., Inc.*, 2024 WL 4324492, at *8-9 (E.D. Va. Aug. 23, 2024), *report and recommendation adopted*, 2024 WL 4229281 (E.D. Va. Sept. 18, 2024); *Moore v. Moore*, 2024 WL 4719885, at *5 (E.D. Va. Aug. 23, 2024), *report and recommendation adopted*, 2024 WL 4719879 (E.D. Va. Sept. 11, 2024); *Great Midwest Ins. Co. v. WB Contracting Grp., Inc.*, 2024 WL 3823792, at *8 (E.D. Va. Aug. 14, 2024). Awards are generally not granted where a party "has not submitted any documentation to support an award of fees and costs." *Pitts v. Metropolitan Life Ins. Co.*, 2024 WL 3974239, (E.D. Va. Aug. 28, 2024).

That said, the entry of judgment without an award of attorneys' fees does not prevent Plaintiff from submitting a later request showing why it should be awarded fees under the Copyright Act. *See Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 152 F. Supp. 3d 503 (E.D. Va. 2015) (considering and awarding post-judgment request for attorney's fees in Copyright Act case); *Pitts*, 2024 WL 3974239, at *6. The Court will therefore allow Plaintiff

9

fourteen (14) days after the entry of this Opinion and Order to submit an appropriate motion and affidavit requesting and demonstrating its entitlement to a specified amount of attorneys' fees.

### IV. CONCLUSIONS

For the foregoing reasons, it is hereby

**ORDERED** that the Magistrate Judge's Report and Recommendation (ECF 37) on Plaintiff's Motion for Default Judgment (ECF 38) is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's Objection (ECF 39) to the Report and Recommendation is **OVERRULED**; and it is further

**ORDERED** that Plaintiff may within fourteen (14) days submit an appropriate motion for attorney's fees; and it is further

**ORDERED** that judgement by default against Defendant Global Wholesale Distributors LLC and in favor of Plaintiff Crunchy Tobacco is **ENTERED** and that a permanent injunction is **GRANTED** against Global Wholesale Distributors LLC, its officers, directors, employees and agents, or anyone acting in concert or participation therewith, or having notice of the Court's injunction Order or having been served with the Court's injunction Order, from making, selling, advertising, marketing, or distributing the graphic logo, or any constituent elements of Plaintiff's original graphic logo, which is the subject of United States federal copyright registration (Reg. No. VA0002316533) and appears on Plaintiff's Crunchy Funnel packages as reflected in Exhibit A to the Complaint in this case.

The Clerk is hereby directed to enter judgment in accordance with the foregoing.

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

January 2, 2025
Alexandria, Virginia